

opr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID RAY CONLEY III, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION H-96-200 |
| § | |
| HARRIS COUNTY SHERIFF, et al., § | |
| § | |
| Defendants. § | |

## ORDER OF PARTIAL DISMISSAL

This pro se civil rights complaint was filed by the plaintiff, an inmate of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), under 42 U.S.C. § 1983. He applied for pauper status under 28 U.S.C. § 1915; his application was granted and all proceedings stayed until the court completed its evaluation of the factual and legal basis of the complaint. That evaluation having been completed, the court concludes that this complaint should be partially dismissed for the reasons stated below.

Plaintiff Conley bases his complaint on two different incidents. The first occurred on January 28, 1994 when he was arrested by officers of the Houston Police Department. Conley contends the driver of the police car used excessive force, striking Conley while he was handcuffed and lying on the ground, and striking Conley's head against the car. Conley does not name the officer, but states he wrote a letter to Police Chief Sam

Nuchia, who turned the matter over to the Internal Affairs officer, T.J. Collman. Conley contends that his letters were refused by Collman.

The second incident occurred while Conley was confined to Harris County Jail; Conley states that on April 5, 1994 a deputy named LaSalle was verbally abusive and acted as if he intended to strike Conley. Conley wrote a grievance about the incident, and says that on April 10, 1995 (presumably this date is erroneous and is intended to be April 10, 1994) he was called out to discuss the grievance with a sergeant. The sergeant and LaSalle were both verbally abusive to Conley, who then wrote a letter to the jail standards office. A few days later he was put on the "chain," meaning he was transferred to another facility.

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. <u>Leffall v. Dallas Independent School District</u>, 28 F.3d 521 (5th Cir. 1994). 28 U.S.C. § 1915 authorizes a federal court to dismiss a claim filed <u>in forma pauperis</u> (IFP) "if satisfied that the action is frivolous or malicious." Under this statute, an action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)). Under the statute as originally enacted, judges have the

authority to dismiss a claim based on "an indisputably meritless legal theory" or a claim "whose factual contentions are clearly baseless." Neitzke at 327. As amended, the statute mandates dismissal of a prisoner's IFP case if the complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2), as amended April 26, 1996.

In Conley's more definite statement (Instrument #5), he states that he is now in prison on a parole violation, and that his revocation hearing took place on June 8, 1994. It is unclear, however, whether he was on parole at the time of his January arrest. In any event, the use of force during an arrest implicates the fourth amendment to the Constitution. Under the fourth amendment the " 'reasonableness' of a particular seizure depends not only on when it is made, but on how it is carried out." Graham v. Connor, 490 U.S. 386, 396 (1989) (citing Tennessee v. Garner, 471 U.S. 1, 7-8 (1985)). The Supreme Court has held that "all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard..." Graham at 396. "[T]he 'reasonableness' inquiry...is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting

them without regard to their underlying intent or motivation." Id. at 397. However, the arresting officers' subjective intentions or motives may be relevant to issues of credibility and qualified immunity. Graham at 399 n. 12.

Factors to be considered in assessing the reasonableness of the force used include the severity of the crime, whether the suspect presents an immediate threat to the safety of the officers or other persons, and whether the suspect is resisting arrest or attempting to flee. Graham at 396. The court cannot dismiss Conley's claim concerning excessive force, and will retain it for further proceedings.

As to the claim concerning verbal abuse, however, the court finds no constitutional violation. Verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Bender v. Blumberg, 1 F.3d 271, 274 n. 4 (5th Cir. 1993). Conley does not allege that the deputy struck or otherwise physically harmed him, and states only that he was afraid. The fact that Conley was transferred soon after the incident does not support an inference that the deputy intended to retaliate or otherwise harass Conley. Claims concerning retaliation and harassment under § 1983 must rest on facts rather than suppositions, conclusions, or theories. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir.), cert. denied, 488 U.S. 985 (1988).

It is, therefore, ORDERED as follows:

1. Conley's claim concerning excessive force during his

arrest on January 28, 1994 is retained for further processing.

 2. Conley's claim concerning verbal abuse during April, 1994 is DISMISSED because it has no arguable basis in law and fact, and no realistic chance of ultimate success, making it frivolous as a matter of law. <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993).

 The Clerk will provide copies to the parties.

SIGNED at Houston, Texas on _JULY 25_, 1996.

        VANESSA D. GILMORE
        UNITED STATES DISTRICT JUDGE

ClibPDF - www.fastio.com